# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRYANT MORRIS,

        Plaintiff,

v.                                                                                   Case No. 06-C-116

CATHY JESS and MICHAEL BECK,

        Defendants.

## DECISION AND ORDER

Plaintiff Bryant Morris, a state prisoner at all times relevant, lodged this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. This action was inadvertently dismissed on March 13, 2006 for failure to pay the initial partial filing fee. However, the plaintiff subsequently informed the court that he paid the initial partial filing fee, and this case was reopened on March 16, 2006. Currently pending is the plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $250.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $8.20. To date, he has paid $20.00 of the $250.00 filing fee. Thus, he shall be permitted to proceed in forma pauperis.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

## PLAINTIFF'S COMPLAINT

The court notes that the complaint, which starts on page one, is fourteen pages long. However, the plaintiff has designated the second page as page number 4, and there are two pages numbered page 6. In the interest of simplicity, the court will refer to the complaint as it is numbered in the Electronic Case Filing (ECF) system, with the first page of the complaint being page number 1 and the last page of the complaint being page number 14.

The plaintiff was incarcerated at Dodge Correctional Institution (DCI) at all times relevant. (Complaint at 4). Both defendants are employed at DCI. Id. at 2. Defendant Cathy

Jess is the warden and defendant Michael Beck is the Inmate Complaint Examiner (ICE). Id. at 2.

The complaint states that on or about October 5, 2005, the plaintiff was moved from DCI Unit 19 to Unit 23. Id. at 4. Upon his arrival in Unit 23, the plaintiff "approached Officer Gregory and asked for a new pillow." Id. Gregory told the plaintiff to "speak to an inmate worker and see if they had a better one, where the outer plastic shell wasn't peeling." Id. Apparently, no such pillows were available. Id. Furthermore, each time the plaintiff moved to a different unit, he also received a faulty pillow. Id.

Thereafter, the plaintiff "filed an Offender Complaint to ICE," in which he complained about "the sanitation and hygine (sic) issue of the faulty pillows." Id. Specifically, the plaintiff asserted that the peeling plastic shell makes it impossible to sanitize the pillow and "body fluids such as blood, sweat, saliva, etc. (sic) can soak into the polyester inside making it a communical (sic) disease health hazard to all inmates." Id. at 8. The complaint was rejected for failure to raise a significant issue. Id. at 4. The plaintiff appealed the rejected complaint to defendant Jess, who "also rejected his appeal." Id. at 5. The plaintiff contends that he exhausted his administrative remedies because the Wisconsin Administrative Code "states that on rejected complaints there is no non-judicial remedy available subsequent to the decision of defendant Cathy Jess on appeal." Id.

The plaintiff asserts that the defendants failed to properly care for his mental and physical health in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment. Id. at 4. Further, he avers that the defendants disregarded Wis. Admin. Code §§ DOC 350.05(5) and (7). Id. For relief, he requests that the DOC replace all pillows and mattresses. Id. In addition, he asks that the defendants reimburse him for "court costs, legal fees, filing fees, and plaintiff's attorney fees." Id. He also requests $200,000 in punitive

damages, $300,000 in pain and suffering, $1,000,000 for neglect, $1,500,000 for each time the defendants rejected his complaints, $2,000,000 for violating state statutes, and $500,000 in mental distress. Id.

**1.     Eighth Amendment Claims**

The plaintiff asserts that the defendants violated his rights under the Eighth Amendment when he was given pillows with ripped plastic covers. To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that deprives the inmate "the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001).

The plaintiff contends that he was deprived of properly covered pillows. However, the court can conceive of no situation where deprivation of a plastic pillow cover rises to the level of cruel and unusual punishment. See Rhodes, 425 U.S. at 346-47 (the Supreme Court has held that cruel and unusual punishment requires something more than physical discomfort); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992) (punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time). Furthermore, "[i]nmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obligated to provide constitutionally adequate confinement." Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir. 1988). Based on the foregoing, the plaintiff has failed to allege facts sufficient to state an Eighth Amendment claim.

The plaintiff further contends that the defendants violated his Eighth Amendment rights when they failed to properly care for his physical and mental health. To establish liability

under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer, 511 U.S. at 834; Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000). Serious medical needs are not restricted to physical conditions; the need for a mental illness to be treated may be considered a serious medical need if it could result in significant injury, such as death by suicide, or the unnecessary and wanton infliction of pain. Sanville v. McCaughtry, 266 F.3d 724, 734 (7th Cir. 2001).

In this case, the plaintiff has not given any indication that he suffered a serious medical need. Nor has he alleged any facts suggesting that the defendants were deliberately indifferent to such a need. While the plaintiff does complain that the lack of plastic pillow covers could expose him to other inmates' blood, saliva and sweat, his contention is speculative at best. It is well established that the absence of an actual or imminent injury, as opposed to a merely speculative future one, deprives federal courts of jurisdiction under Article III, which empowers the federal judiciary to decide "cases" or "controversies." Marshall v. Knight, 445 F.3d 965 (7th Cir. 2006). Accordingly, the plaintiff has not set forth facts sufficient to state an Eighth Amendment claim.

**2.      State Law Claim**

The plaintiff claims that the defendants violated Wis. Admin. Code §§ DOC 350.08(5) and (7) when they denied him pillows with plastic covers. Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003); see also Archie v. City of Racine, 847 F.2d 1211, 1216-17 (7th Cir. 1988). As the Court of Appeals for the Seventh Circuit put it in Archie:

> A state ought to enforce its law, but to treat a violation of state law as a violation of the constitution is to make the federal government the enforcer of state law. States rather than federal courts are the appropriate institutions to enforce state rules. Indeed, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.

847 F.2d at 1217 (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984)).

Thus, the plaintiff's claim that the defendants violated Wisconsin law fails to state a claim of constitutional magnitude.

In sum, the plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1988)).

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $230.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust

account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2006.

                                                  s/Lynn Adelman
                                                  LYNN ADELMAN
                                                  U.S. District Judge